In re Popham, Appellant, *v.* Industrial Commission of Ohio, Appellee.

[Cite as Popham v. Indus. Comm., 5 Ohio St. 2d 85.]

(No. 39504—Decided February 2, 1966.)

*Messrs. Hoover, Beall & Eichel* and *Mr. John H. Hermanies,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. Ted R. Greiner,* for appellee.

*Per Curiam.* In her petition relator alleges that she was employed each summer for 22 years as a ticket seller at the

Coney Island Amusement Park in Cincinnati; that each time she sold a ticket she was required to strike her right knee against a bar to activate a turnstile admitting patrons to amusement rides; and that these repeated traumas on her knee precipitated degenerative arthrosis in her right knee coming within the classification of a compensable occupational disease.

At first, according to the allegations of the petition, the Administrator of the Bureau of Workmen's Compensation found that the disability described was the result of an occupational disease and allowed the claim on such basis, but upon reconsideration the claim was disallowed "for the reason that proof on file fails to show that claimant's disability is due to a compensable occupational disease contracted in the course of and arising out of employment."

On an appeal to the Dayton Regional Board of Review, the claim was disallowed for the same reason given by the administrator, and, on a further appeal to the Industrial Commission, that agency entered an order reading in part as follows:

"That the commission find that the proof fails to show that the claimant's disability is due to an occupational disease within the meaning of the Workmen's Compensation Act and that the claim therefore be disallowed * * *."

Does the petition herein state a cause of action in mandamus against the commission, where it appears that the commission, after hearing and consideration on the merits, determined that the condition complained of by claimant did not constitute an ocupational disease under the terms of the Workmen's Compensation Act? And, furthermore, does the commission's order, under the allegations of the petition, show an error of law or an abuse of discretion?

Arthrosis is defined as a disease or a degenerative process in a joint. Blakiston's New Gould Medical Dictionary, 2 Ed. 112. See, also, Maloy Medical Dictionary for Lawyers, 3 Ed. 74; Dorland's Illustrated Medical Dictionary, 133.

In Principles of Internal Medicine (McGraw-Hill, 1958), at page 1727, it is said that degenerative joint disease is generally considered to be related to the physiological process of aging, and that the commonly held view as to the causes of these de-

generative changes is that they result from *ordinary* "wear and tear," that is, from cumulative repeated trauma of *various* kinds.

Degenerative arthrosis is not one of the occupational diseases specifically listed in Section 4123.68, Revised Code. If it represents a compensable occupational disease at all, it must fall within the language of subparagraph (X) of that section, which reads:

"All other occupational diseases: A disease *peculiar* to a particular industrial process, trade, or occupation and to which an employee is not ordinarily subjected or exposed outside of or away from his employment." (Emphasis supplied.)

Here, the Industrial Commission performed its functions and exercised its judgment and determined that claimant's disability from arthrosis did not fall within the statutory provisions embracing occupational diseases.

As hereinbefore noted, it is the common and generally held consensus that arthrosis results "from ordinary 'wear and tear' " and is usually an affliction incident to aging; hence it does not meet the requirements of subparagraph (X) of Section 4123.68, Revised Code, in being a disease *peculiar* to a particular employment.

We can discover no reversible error in the judgment of the Court of Common Pleas or the Court of Appeals, and the judgment of the latter court is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and BROWN, JJ., concur. O'NEILL, HERBERT and SCHNEIDER, JJ., dissent.

SCHNEIDER, J., dissenting. The obvious purport of subparagraph (X) of Section 4123.68, Revised Code, is to extend the coverage of the Workmen's Compensation Act to all occupational diseases not specifically mentioned in other subparagraphs of that section and to provide compensation as well for such other diseases which are caused by conditions peculiar to a particular occupation.

I am persuaded that one who is otherwise covered by the

act who claims that her degenerative arthrosis has been made symptomatic by repeated traumas incurred in her occupation is entitled to every reasonable inference from the language adopted by the General Assembly in enacting subparagraph (X), and that the Industrial Commission should be required to determine whether a direct causal relationship exists between the cumulative traumas and the disabling effects of the disease from which she claims to suffer. If the proof shows that relationship to exist in fact, she suffers from a disease peculiar to her particular occupation to which she is not ordinarily subjected or exposed outside of or away from her employment, hence, an occupational disease, and is entitled to be compensated to the extent of disability caused by the occurrences which she suffered in her occupation.

She is not entitled to *appeal* from the refusal of the Industrial Commission to perform the duty to make that determination *(Szekely* v. *Young, Admr.,* 174 Ohio St. 213), and therefore a writ of mandamus should issue to compel its performance.

O'NEILL and HERBERT, JJ., concur in the foregoing dissenting opinion.